UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------x

ANN-MARIE REARDON,
                          Plaintiff,


          v.                                        Docket No.



MASSACHUSETTS GENERAL
HOSPITAL,
                          Defendant,

-------------------------------------------------x

COMPLAINT
(Jury Trial Demanded)

This is an action for failure to pay overtime wages, and for retaliation

when the Plaintiff complained of that failure.  The Plaintiff alleges that the

defendant, Massachusetts General Hospital (sometimes hereafter "M.G.H."),

violated the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et*

*seq.* by failing to pay the plaintiff the wages to which she was entitled, and by

retaliating against her when she complained of the violation.  The plaintiff

seeks recovery for all regular and overtime pay for work performed but not

paid for, for damages for the Defendant's unlawful retaliation, and for all other

available relief under the FLSA.

## PARTIES

1.     Plaintiff Ann-Marie Reardon is an individual with a last and usual

residence in Marshfield, Massachusetts.

2.      Defendant Massachusetts General Hospital is a Massachusetts corporation with a last and usual place of business in Boston, Massachusetts.

JURISDICTION AND VENUE

3.      This action arises under 29 U.S.C. § 201 *et seq.*

4.      Federal question jurisdiction is invoked pursuant to 28 U.S.C. §1331.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b), as the events giving rise to these claims occurred in the District.

FACTS

6.      At all relevant times, the Defendant was an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

7.      Ann-Marie Reardon, the Plaintiff was employed by the defendant for nine years, from September 4, 2000 until June 2, 2009.

8.      The Plaintiff was employed by the defendant as an administrative assistant. She was, in essence, a secretary, with no discretionary authority.

9.      At all relevant times, Ms. Reardon was paid an hourly wage.

10.     At all relevant times, the Plaintiff was a non-exempt employee eligible to receive overtime pay under the FLSA, 29 U.S.C. §207.

11.     Throughout her employment with MGH, the Plaintiff regularly worked in excess of forty hours per week, but for much of that time she was not paid for time in excess of forty hours per week.

12.    For much of the time that she was employed by MGH, the Plaintiff was not paid overtime rates (one and one-half times the regular rate of pay) for the hours she worked in excess of forty per week, as required by 29 U.S.C. §207.

13.    Defendant was aware that the Plaintiff was working more than forty hours per week, and in fact required her to do so in order to complete the work assigned to her.  However, Defendant instructed the plaintiff to record only forty hours per week on the time records that she was required to submit in order to be paid.

14.    The failure to pay the Plaintiff overtime wages was willful.

15.    Plaintiff is entitled to overtime pay for the hours she worked in excess of forty per week.

16.    On or about June 30, 2009, the Plaintiff told her supervisor that the Defendant had been violating the law by failing to pay her overtime wages.

17.    Two days after the communication referred to in the preceding Paragraph 16, the Plaintiff was dismissed.

18.    The Plaintiff's dismissal was motivated by the intent and desire to retaliate against her for making a claim for overtime compensation.

CLAIMS

COUNT I
*Violation of the Fair Labor Standards Act, 29 U.S.C. § 207, Overtime Pay*

Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 18, and incorporates them by reference herein.

19.    By its conduct, as more particularly described above, Defendant violated the law by failing to pay the plaintiff for all of the hours that she worked.

20.    By its conduct, as more particularly described above, Defendant violated the FLSA, specifically 29 U.S.C. § 207, by failing to pay overtime to the plaintiff for the hours she worked in excess of forty per week.

21.    Defendant willfully and repeatedly violated the FLSA, 29 U.S.C. § 207, by failing to pay the plaintiff for the hours she worked in excess of forty per week.

COUNT II
*Violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), Retaliation*

Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 21, and incorporates them by reference herein.

22.    The Defendant violated the FLSA, §215(a)(3) by dismissing the Plaintiff from her position in order to retaliate against her for reporting its violation of the Act.

-4-

23.    The Defendant is liable to the Plaintiff for violation of §215 of the

Act, as more particularly set forth above.

**WHEREFORE**, Plaintiff prays the court to:

a. Award her her actual damages pursuant to 29 U.S.C. §216(b).

b. Award her liquidated damages, as provided by law, 29 U.S.C. §216(b).

c. Award her damages for Defendant's violation of 29 U.S.C. §215(a), as

provided by law.

d. Award her interest, as provided by law.

e. Award her her costs and reasonable attorneys' fees, as provided by

law.

f. Grant such additional relief as the court deems reasonable and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial on all applicable issues.

November 5, 2009

Respectfully submitted,

Ann-Marie Reardon
Plaintiff
by her attorneys,

*Jonathan J. Margolis*
Jonathan J. Margolis, BBO #319980
jmargolis@theemploymentlawyers.com
Lori A. Jodoin, BBO #655840
lori@theemploymentlawyers.com
Rodgers Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

-5-